**Thomas J. GAGLIARDO, Appellant,**

**and**

**Deborah Ashton Parsons, Plaintiff,**

**v.**

**PENINSULA REGIONAL MEDICAL CENTER, Defendant—Appellee.**

**Metropolitan Washington Employment Lawyers Association, Amicus Supporting Appellant.**

**No. 11–1258.**

United States Court of Appeals, Fourth Circuit.

Submitted: Feb. 3, 2012.

Decided: Feb. 24, 2012.

Thomas J. Gagliardo, Appellant Pro Se. Randi Klein Hyatt, Adam Thomas Simons, Kollman & Saucier, PA, Timonium, Maryland, for Appellee. John R. Ates, Ates Law Firm, PC, Alexandria, Virginia; Richard Randolph Renner, Kohn, Kohn & Colapinto, LLP, Washington, D.C., for Amicus Supporting Appellant.

Before AGEE, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas J. Gagliardo, attorney for Plaintiff Deborah Parsons, appeals the district court's order awarding the Defendant, Peninsula Regional Medical Center, $23,657.75 in sanctions, pursuant to 28 U.S.C. § 1927 (2006). According to Gagliardo, the district court abused its discretion when it imposed sanctions against him. Gagliardo alleges that he engaged in no bad faith conduct, no proceedings were duplicated by his conduct, Plaintiff's federal action was filed in good faith and dismissed as a matter of judicial economy, and the Defendant suffered no prejudice

238

because of his conduct. The Metropolitan Washington Employment Lawyers Association has filed an amicus curiae brief, in which it claims that the district court erred when it imposed sanctions on Gagliardo for work Defendant performed in connection with the pursuit of § 1927 sanctions, and that the district court should not have sanctioned Gagliardo for moving to voluntarily dismiss a federal civil rights claim in order to pursue a related state law claim. Finding no error, we affirm.

Section 1927 "does not distinguish between winners and losers, or between plaintiffs and defendants." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 762, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980). Moreover, "[t]he statute is indifferent to the equities of a dispute and to the values advanced by the substantive law." *Id.* Instead, the statute is "concerned only with limiting the abuse of court processes." *Id.* For this reason, a court considering the propriety of a § 1927 award must focus "on the conduct of the litigation and not on its merits." *DeBauche v. Trani*, 191 F.3d 499, 511 (4th Cir.1999).

When a district court imposes an award under § 1927, we review for an abuse of discretion. *Chaudhry v. Gallerizzo*, 174 F.3d 394, 410 (4th Cir.1999). This standard recognizes that, as in the context of sanctions under Fed.R.Civ.P. 11, "the district court is better situated than the court of appeals to marshal the pertinent facts and apply the fact-dependent legal standard" of § 1927. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 402, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) (reviewing Rule 11 sanctions for abuse of discretion). The factual findings underpinning the district court's award are reviewed for clear error. *Ohio River Valley Envtl. Coal., Inc. v. Green Valley Coal Co.*, 511 F.3d 407, 413 (4th Cir.2007).

We have reviewed the record and considered the parties' and amicus' arguments and find that the district court did not abuse its discretion when it imposed § 1927 sanctions on Gagliardo. We also find that the district court properly sanctioned Gagliardo only for those aspects of the litigation that would not have occurred but for his vexatious conduct. We thus affirm the district court's order. *Parsons v. Peninsula Reg'l Med. Ctr.*, No. 1:08–cv–03255–MJG (D.Md. Feb. 10, 2011). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*